# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, *on behalf of himself and others similarly situated,* | Civil Action No. 1:25-cv-02314-SCJ |
| Plaintiff, | Class Action Litigation |
| v. | Judge Steve C. Jones |
| WALKER AND COMPANY BRANDS, INC. d/b/a BEVEL, | |
| Defendant. | |

## JOINT MOTION TO EXTEND CASE SCHEDULE

Plaintiff Andrew James McGonigle ("McGonigle") and Defendant Walker and Company Brands, Inc. d/b/a Bevel ("Bevel") jointly move the Court to extend the current case schedule by sixty (60) days. Very good cause exists for this request because additional time is needed to allow the parties to address discovery delays caused by issues beyond the parties' immediate control and which were, and are, dependent on the availability of non-parties.

A Memorandum in Support, which more fully explains the basis for the request, is being filed with this Motion.

Respectfully submitted,

| | |
|---|---|
| */s/Anthony I. Paronich (with permission)* | */s/Alexandra C. Nelson* |
| Anthony I. Paronich, *pro hac vice* | Alexandra C. Nelson (GA Bar No. 241352) |
| Paronich Law, P.C. | Thompson Hine LLP |
| 350 Lincoln Street, Suite 2400 | 3560 Lenox Road, Suite 1600 |
| Hingham, MA 02043 | Atlanta, GA 30326 |
| Tel: (617) 485-0018 | Tel: (404) 541-2900 |
| anthony@paronichlaw.com | Alexandra.Nelson@ThompsonHine.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

**MEMORANDUM IN SUPPORT**

Plaintiff initiated this putative class action alleging that in August 2024, he was assigned a telephone number ("Phone Number") that he registered on the national do not call list ("DNC") and that Bevel violated the Telephone Consumer Protection Act ("TCPA") in and/or after September 2024 when it sent text messages to the Phone Number. This matter has been filed as a putative class action seeking to represent all other individuals who received multiple marketing text messages from Bevel despite having no relationship with it.

Bevel served its Initial Disclosures identifying two vendors whose platforms Bevel used to send text messages during the relevant timeframe. Plaintiff served written discovery seeking the relevant text message data in February of 2025. In March 2025, Bevel objected, stating that it could not provide aggregated data on the telephone numbers to which it sent text messages in the four years preceding the Complaint without conducting a file-by-file review of the records for each of Bevel's customers.

Plaintiff also issued subpoenas to the two vendors Bevel identified. One vendor, Klaviyo, provided records of outbound marketing text messages that Bevel sent using its platform. The other vendor, Attentive, objected and did not produce any information. Though the parties began discussing deposition dates, they stipulated to a transfer of this action to this Court.

Following that transfer, as part of the discovery he had requested, Plaintiff's counsel inquired on June 16, 2025 about Bevel's ability to access and/or request information from Attentive and about dates when Bevel's corporate representative was available for a deposition. Before involving a non-party in discovery, Bevel reconfirmed that it no longer had access to Attentive's platform and thus had no way to provide aggregated information on the text messages that were sent without seeking that information from a third-party, *i.e.*, Attentive.

Attentive asked that all communications about this matter be directed to its outside counsel, who: (i) was unable to discuss this matter during the week of June 24 because he was in arbitration; and (ii) was unable to discuss the week of July 1 due to conflicts in his schedule and the July 4 holiday. On July 7, Bevel's counsel discussed this matter with Attentive's counsel and asked Attentive to provide information responsive to Plaintiff's requests. As of the date of this Motion, Attentive seems willing to accommodate this request, but its counsel has been unable to provide a date by when the information will likely be available.

Plaintiff's counsel has submitted that Bevel (through Attentive) should submit the same information that Klaviyo produced, which Plaintiff's expert is in the process of evaluating. Attentive's counsel has not definitively confirmed, but believes Attentive will be able to produce information including the telephone numbers sending and receiving the marketing messages, the contents of the marketing messages, and the delivery status of the messages. Plaintiff's expert will then be able to evaluate the data if it is the same information that Klaviyo has produced, but that process will take weeks.

Because of the July 27 deadline for Plaintiff's expert report and class certification motion, on June 24, Plaintiff issued a notice of deposition for Bevel's corporate representative, unilaterally selecting July 11 as the deposition date. Bevel is unavailable on July 11 and the parties are not likely to have information from Attentive by that date. However, Plaintiff's counsel is understandably reluctant to reschedule the deposition due to the upcoming deadlines in the case schedule and the need to obtain a transcript of the deposition prior to July 27.

To allow the parties additional time to obtain information from Attentive prior to proceeding with Bevel's deposition, the parties respectfully request a sixty (60) day extension of the case schedule such that the deadlines would be modified as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Class Certification Motion & Disclosure of Plaintiff's Expert | July 27, 2025 | September 26, 2025 |
| Opposition to Class Certification Motion & Disclosure of Defendant's Expert | August 16, 2025 | October 15, 2025 |
| Reply in Support of Class Certification Motion | August 30, 2025 | October 29, 2025 |
| Completion of Fact Discovery | September 21, 2025 | November 20, 2025 |
| Dispositive Motions or Pretrial Order | October 25, 2025 | January 9, 2026[1] |

This request was not caused by the parties' workload, competing due dates, or personal obligations. Instead, the request was caused by the parties' need to obtain information from third parties. As a result, very good cause exists for this request, which is not being posed for the purposes of delay.

Respectfully submitted,

*/s/Anthony I. Paronich (with permission)*
Anthony I. Paronich, *pro hac vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff*

*/s/Alexandra C. Nelson*
Alexandra C. Nelson (GA Bar No. 241352)
Thompson Hine LLP
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
Tel: (404) 541-2900
Alexandra.Nelson@ThompsonHine.com

*Counsel for Defendant*

---

[1] A sixty (60) day extension would result in a deadline of December 23, 2025; however, the parties have proposed the alternative deadline of January 9, 2026 to hopefully avoid the unavailability of declarants whose testimony may be needed for a dispositive motion but who may be unavailable due to the holidays.

4

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document was served on following counsel of record via electronic mail and/or this Court's electronic filing system.

Anthony Ilo Paronich
PARONICH LAW
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Avi R. Kaufman
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

Valerie Lorraine Chinn
CHINN LAW FIRM, LLC
245 N. Highland Avenue
Suite 230, #7
Atlanta, GA 30307
vchinn@chinnlawfirm.com

*Counsel for Plaintiff*

Dated: July 9, 2025        THOMPSON HINE LLP


               By: */s/ Alexandra C. Nelson*
                 Alexandra C. Nelson
                 Georgia Bar No. 241352