UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, *on behalf of himself and others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>WALKER AND COMPANY BRANDS, INC. d/b/a BEVEL,<br><br>Defendant. | Civil Action No. 1:25-cv-02314-SCJ<br><br>Class Action Litigation<br><br>Judge Steve C. Jones |

**DEFENDANT WALKER AND COMPANY BRANDS, INC.
D/B/A BEVEL'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
<u>NOTICE OF DEPOSITION PURSUANT TO 30(b)(6)</u>**

Defendant Walker and Company Brands, Inc. d/b/a Bevel ("Defendant" or "Bevel") hereby objects and responds to the Notice of Deposition Pursuant to 30(b)(6) ("Notice") served by Plaintiff Andrew James McGonigle ("Plaintiff") on June 24, 2025.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated July 9, 2025 | Thompson Hine LLP<br><br>*/s/Alexandra C. Nelson*<br>Alexandra C. Nelson (Georgia Bar No. 241352)<br>3560 Lenox Road NE, Suite 1600<br>Atlanta, Georgia 30326<br>Phone: 404.541.2900<br>Alexandra.Nelson@ThompsonHine.com<br><br>Jessica E. Salisbury-Copper (Admitted *Pro Hac Vice*)<br>10050 Innovation Drive, Suite 400<br>Miamisburg, Ohio 45342<br>Phone: 937.443.6854<br>Jessica.Salisbury-Copper@ThompsonHine.com<br><br>Gregory Fouts (Admitted *Pro Hac Vice*)<br>20 North Clark Street, Suite 3200<br>Chicago, Illinois 60602 |

Phone: 312.998.4244
Gregory.Fouts@ThompsonHine.com

*Counsel for Defendant*
*Walker and Company Brands, Inc. d/b/a Bevel*

## **OBJECTION TO DATE SELECTED**

On June 16, 2025, Plaintiff's counsel inquired about dates for Bevel's deposition. On June 24, 2025, Plaintiff's counsel served the Notice, unilaterally selecting July 11 as the date for the deposition while suggesting that the parties could select a mutually agreeable date, stating that the parties would keep July 11 "for now" but that he would "wait to hear from [Bevel's counsel] on the deposition date[.]"

As the parties were communicating about other discovery issues, Plaintiff's counsel inquired about the date for the deposition, but did not suggest inflexibility regarding the unilaterally selected date, noting on July 1 that the parties were "finaliz[ing Bevel's] deposition date" and asking on July 7 whether Bevel was available on July 11. It was not until after Bevel's counsel said Bevel was not available on July 11 that Plaintiff's counsel said that Plaintiff would only agree to reschedule the deposition if the Court granted the parties additional time to gather information from third-parties and extended the deadlines for Plaintiff's expert report and filing of a class certification motion.

Bevel agrees that seeking an extension of the case schedule is appropriate since the parties are waiting on information from third-parties, and the parties submitted a Joint Motion for Extension of Time on July 9, 2025 (Doc. 53). However, Bevel remains unavailable for a deposition on July 11 and will continue working with Plaintiff on a mutually agreeable date and time for the deposition.

**OBJECTIONS AND RESPONSES TO MATTERS FOR EXAMINATION**

1.  The general nature and scope of BEVEL'S business and/or services relating to outbound Texting. This subject includes, but is not limited to, BEVEL'S business activities, daily operations, portfolio of services offered, and business model as it relates to outbound Texting.

**OBJECTION**: Bevel does not offer "services related to outbound Texting." As a result, Topic No. 1 is vague, overbroad, and seeks information that is not relevant to the parties' claims or defenses or proportional to the needs of the case. Bevel will produce a witness with knowledge of the purposes for which Bevel sends text messages to its customers, but Bevel will not otherwise produce a witness on Topic No. 1.

2.  BEVEL'S knowledge of and participation in calls for purposes of marketing BEVEL'S products or services during the RELEVANT TIME PERIOD, including when such calls were made, who made such calls, any training provided regarding making such calls, any equipment or pre-recorded voices used to make such calls, and the results of such calls.

**OBJECTION**: Because Plaintiff's Complaint does not assert claims pertaining to equipment or the use of prerecorded voices, this Topic is overbroad and seeks information that is not relevant to the parties' claims or defenses. Additionally, it would be impossible to produce a witness with knowledge of every text message Bevel sent for marketing purposes from November 26, 2020 to the present. Bevel will produce a witness with knowledge of the purposes for which Bevel sends text messages to its customers and the training Bevel's employees receive on sending text messages to customers, but Bevel will not otherwise produce a witness on Topic No. 2.

3. BEVEL'S knowledge of and participation in all scripts used for outbound Texting purposes, including who drafted the scripts, any revisions to the scripts, and any training provided regarding using the scripts to make such calls.

**OBJECTION**: Because Plaintiff's Complaint does not contain any claims or allegations relating to the "scripts used for outbound Texting," this Topic is overbroad and seeks information that is not relevant to the parties' claims or defenses. Additionally, the process Bevel uses to create the content of its text messages is confidential and proprietary. Bevel will not produce a witness on Topic No. 3.

4. BEVEL'S knowledge of and participation in the dialing equipment used to make outbound texts and any training provided regarding making or using the recordings to make such calls.

**OBJECTION**: Plaintiff's Complaint does not assert claims related to Bevel's use of "dialing equipment" or the use of "recordings to make such calls." As a result, this Topic is overbroad and seeks information that is not relevant to the parties' claims or defenses. Bevel will produce a witness with knowledge of the vendors whose platforms Bevel used to send text messages from November 26, 2020 to the present but will not otherwise produce a witness on Topic No. 4.

5. The step by step process of any dialing system used by BEVEL during [sic] to make outbound texts.

**OBJECTION**: Plaintiff's Complaint does not assert claims related to Bevel's use of "any dialing system." As a result, this Topic is overbroad and seeks information that is not relevant to

5

the parties' claims or defenses. Bevel will produce a witness with knowledge of the vendors whose databases Bevel used to send text messages from November 26, 2020 to the present but will not otherwise produce a witness on Topic No. 5.

6. BEVEL'S knowledge of or participation in obtaining the telephone numbers or leads for PERSONS, including PLAINTIFF, to whom outbound texts were made.

**OBJECTION**: Bevel objects to the extent this Topic suggests that the telephone number at issue was received as a "lead." Bevel will produce a witness with knowledge of the way in which the phone number at issue was obtained and Bevel's process for obtaining consent to send text messages, but Bevel will not otherwise produce a witness on Topic No. 6.

7. The total number of sales and total revenue BEVEL obtained because of outbound texts.

**OBJECTION**: Bevel objects because this Topic seeks information that is confidential and/or proprietary and because it seeks information that is not relevant to the parties' claims or defenses. The total number of sales and revenue Bevel obtained as a result of sending text messages is not relevant to whether Bevel violated the TCPA or to the calculation of statutory damages under 47 U.S.C. § 227(c)(5). Additionally, Bevel cannot calculate with precision the "number of sales and total revenue" that was "because of" texting since the causal relationship between a text and a sale is not always clear. Bevel will not produce a witness on Topic No. 7.

8. The identities of all THIRD PARTIES or VENDORS that BEVEL contracted with to provide telephone numbers for the Texting.

**OBJECTION**: Bevel objects to this Topic because it seeks information that is confidential and/or proprietary. Bevel objects to this Topic as seeking information that is not relevant to the determination of the claims or defenses in this action as there is no allegation that Bevel obtained the phone number at issue, or any other phone number, from a vendor. Bevel will produce a witness with knowledge of the way in which the phone number at issue was obtained and Bevel's process for obtaining consent to send text messages, but Bevel will not otherwise produce a witness on Topic No. 8.

9. All aspects of BEVEL'S relationship or involvement with these companies, including, but not limited to:

    a. The nature and scope of services provided by each;

    b. The source of any purported written consent to make outbounds calls to each; and

    c. The day-to-day relationship between BEVEL and these entities, including, but not limited to, the identities of any BEVEL employees who communicate with these entities, the identities of employees of these entities with whom BEVEL communicates and the typical content and form of any communications between BEVEL and these entities.

**OBJECTION**: Bevel objects to this Topic because it seeks information that is confidential and/or proprietary. Bevel objects to this Topic as seeking information that is not relevant to the determination of the claims or defenses in this action as there is no allegation that Bevel obtained the phone number at issue, or any other phone number, from a vendor. Bevel will produce a witness with knowledge of the way in which the phone number at issue was obtained and Bevel's process for obtaining consent to send text messages, but Bevel will not otherwise produce a witness on Topic No. 9.

10. The identities of all THIRD PARTIES or VENDORS that BEVEL contracted with for a platform for texting.

**OBJECTION**: Bevel will produce a witness with knowledge of the vendors whose platforms Bevel used to send text messages from November 26, 2020 to the present.

11. All aspects of BEVEL'S relationship or involvement with these companies, including, but not limited to:

   a. The nature and scope of services provided by each;
   b. The day-to-day relationship between BEVEL and these entities, including, but not limited to, the identities of any BEVEL employees who communicate with these entities, the identities of employees of these entities with whom BEVEL communicates and the typical content and form of any communications between BEVEL and these entities.

**OBJECTION**: Bevel objects to this Topic because it seeks information that is confidential and/or proprietary. Bevel objects to this Topic to the extent that it is overly broad and seeks information that is not relevant to the parties' claims or defenses. Not "all aspects" of Defendant's relationship or involvement with vendors are at issue or relevant in this case. Defendant also objects to this Topic's request for testimony about the "typical content and form of any communications" because it is vague and overbroad. Bevel will produce a witness with knowledge of the vendors whose platforms were used to send text messages from November 26, 2020 to the present and generally about the services those vendors provided. Bevel will not otherwise produce a witness on Topic No. 11.

12.     BEVEL'S POLICIES relating to outbound Texting, including any POLICIES regulating actions by THIRD PARTIES or VENDORS that conduct outbound Texting and/or provided to THIRD PARTIES or VENDORS that conduct outbound Texting.

**OBJECTION**: Bevel objects to this Topic because it seeks information that is confidential and/or proprietary. Bevel objects because no party has alleged that the text messages at issue in the Complaint were sent by a vendor; therefore, this Topic is overbroad and seeks information that is not relevant to the parties' claims or defenses. Bevel will produce a witness to testify about its policies relating to sending text messages to its customers but will not otherwise produce a witness on Topic No. 12.

13.     BEVEL'S POLICIES, practices, and procedures relating to the Telephone Consumer Protection Act, 47 U.S.C. § 227, including, but not limited to, the rules, regulations, opinions, advisories, comments, or filings of the Federal Communications Commission that relate to 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c)(2) & (d).

**OBJECTION**: Defendant objects to this Topic because it seeks information that is confidential and/or proprietary. Defendant objects to this Topic to the extent Plaintiff seeks testimony relating to policies, procedures, and practices for communication methods other than text messages, which is the only form of communication at issue in this action. Bevel will produce a witness to testify about its policies relating to sending text messages to its customers but will not otherwise produce a witness on Topic No. 13.

14. BEVEL'S efforts to ensure TCPA compliance by THIRD PARTIES and VENDORS that conduct outbound Texting for BEVEL, and its own employees (*e.g.,* requiring compliance training, audits, procedures to ensure appropriate consent regarding telephone calls, training of personnel, etc.).

**OBJECTION**: Bevel objects to this Topic because it seeks information that is confidential and/or proprietary. Bevel objects because this Topic presupposes that third-party vendors send text messages on Bevel's behalf. Bevel objects to this Topic to the extent Plaintiff seeks testimony relating to efforts and compliance with respect to communication methods other than "outbound texting," including its "procedures to ensure appropriate consent regarding telephone calls," because texting is the only form of communication at issue in this action. Bevel will produce a witness with knowledge of its procedures for obtaining consent to send text messages and the training employees receive regarding compliance with the TCPA, but it will not otherwise produce a witness on Topic No. 14.

15. Any complaints, grievances, investigations, or actual or threatened litigation from private individuals, business bureaus (such as the BBB), and government entities regarding outbound Texting relating to BEVEL, and any corresponding response or investigation.

**OBJECTION**: Other "complaints, grievances, investigations, or actual or threatened litigation" are not relevant to whether Bevel violated the TCPA when it sent text messages to Plaintiff. As a result, this Topic is overbroad and seeks information that is not relevant to the parties' claims or defenses. As drafted, this Topic also seeks information that is, at least in part, shielded from discovery by the attorney-client privilege or work product doctrine. Bevel will not produce a witness on Topic No. 15.

10

16. BEVEL'S POLICIES for responding to complaints, including BEVEL'S intake, investigation, and tracking of complaints, and its development and implementation of those POLICIES. All DATABASES or computer software programs BEVEL uses to track complaints.

**OBJECTION**: Bevel objects because this Topic seeks information that is confidential and/or proprietary. Bevel objects because this Topic is overbroad and unduly burdensome and because it seeks information that is not relevant to the parties' claims or defenses. As written, this Topic also requests policies for responding to consumer complaints involving Bevel's products or related to other irrelevant issues. Bevel further objects to this Topic to the extent that it seeks information protected from disclosure by the attorney client privilege, work product doctrine, or other applicable protection. Bevel will not produce a witness on Topic No. 16.

17. The facts and evidence that serve as the basis for each affirmative defense set forth in BEVEL'S Answer.

**OBJECTION**: Bevel objects to this Topic to the extent Plaintiff seeks testimony regarding the "evidence" Bevel intends to use at trial, which is shielded from discovery by the attorney-client privilege and/or work product doctrine. Bevel will produce a witness with knowledge of the facts that serve as the basis for Bevel's affirmative defenses but will not otherwise produce a witness on Topic No. 17.

18. The facts and evidence that serve as the basis for BEVEL'S initial disclosures.

**OBJECTION**: Bevel objects to this Topic to the extent Plaintiff seeks testimony regarding the "evidence" Bevel intends to use, which is shielded from discovery by the attorney-client privilege and/or work product doctrine. Bevel will produce a witness with knowledge of the facts

11

that serve as the basis for Bevel's initial disclosures but will not otherwise produce a witness on Topic No. 18.

19.     The facts and evidence that serve as the basis for BEVEL'S answers to all interrogatories propounded to BEVEL in this action.

**OBJECTION**: Bevel objects to this Topic to the extent Plaintiff seeks testimony regarding what constitutes "evidence," which is shielded from discovery by the attorney-client privilege and/or work product doctrine. Bevel will produce a witness with knowledge of the facts in Bevel's Answers to Interrogatories, but will not otherwise produce a witness on Topic No. 19.

20.     The facts and evidence that serve as the basis for BEVEL'S responses to all requests for production propounded to BEVEL in this action.

**OBJECTION**: **OBJECTION**: Bevel objects to this Topic to the extent Plaintiff seeks testimony regarding what constitutes "evidence," which is shielded from discovery by the attorney-client privilege and/or work product doctrine. Bevel will produce a witness with knowledge of the facts in Bevel's Responses to Requests for Production, but will not otherwise produce a witness on Topic No. 20.

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document was served on following counsel of record via electronic mail and/or this Court's electronic filing system.

Anthony Ilo Paronich
PARONICH LAW
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Avi R. Kaufman
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
kaufman@kaufmanpa.com

Valerie Lorraine Chinn
CHINN LAW FIRM, LLC
245 N. Highland Ave
Suite 230, #7
Atlanta, GA 30307
vchinn@chinnlawfirm.com

*Counsel for Plaintiff*

Dated: July 9, 2025					THOMPSON HINE LLP


							By: */s/ Alexandra C. Nelson*
							    Alexandra C. Nelson
							    Georgia Bar No. 241352